IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS NOVAK | § | |
| | § | |
| VS. | § | C.A. NO. 14-105 |
| | § | |
| | § | PLAINTIFF DEMANDS A |
| LOUISIANA MARINE OPERATORS, | § | TRIAL BY JURY |
| L.L.C. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, THOMAS NOVAK, hereinafter referred to as Plaintiff, complaining of, LOUISIANA MARINE OPERATORS, L.L.C.., hereinafter referred to as Defendants and for cause of action would respectfully show unto this Honorable Court as follows:

2. This is an action within the jurisdiction of this Court and this Court has jurisdiction because an amount in controversy exists in excess of the minimum jurisdictional limits of this Court.

3. Plaintiff is an American citizen and as an American seaman, he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

4. This claim is maintained under the Jones Act, 46 U.S.C. §30104, and the general maritime law of the United States.

5. Plaintiff, THOMAS NOVAK, is a resident of the Eastern District of Texas.

6. Defendant, LOUISIANA MARINE OPERATORS, L.L.C. is a Louisiana limited

liability company doing business in the Eastern District of Texas, which has not designated an agent for service in the State of Texas.  This Defendant may be served with due process herein by serving the Secretary of State, State of Texas.  Defendant's address is 2300 E. Main St., Broussard, Louisiana  70518-6019.

      7.      THOMAS NOVAK would show that this lawsuit has become necessary as a result of personal injuries received on or about January 25, 2014.  On said date, Plaintiff was employed by Defendant, LOUISIANA MARINE OPERATORS, L.L.C., as a deckhand aboard the M/V SUMMERTIME, a vessel which was owned and or operated by Defendant, LOUISIANA MARINE OPERATORS, L.L.C..  Specifically, Plaintiff sustained injuries when he was ordered to go to barge by the Captain and he slipped and fell on ice on the outside stairwell, causing him to sustain injuries to his back and legs, among other parts of his body.

      8.      On said date, Defendant was negligent and the vessel was unseaworthy.  Specifically, Defendant was negligent in the following particulars:

      a.      Failing to provide a safe place to work.

      b.      Failing to provide ice grippers/spikes for boots.

      c.      Failing to apply sand, girt, and/or salt on the stairwell.

      d.      Failing to replace/properly maintain the non-skid on the stairwell.

      e.      Failing to properly train Plaintiff as to how to work in icy conditions.

.

      9.      On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries to his back and legs, among other parts of his body.  Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the M/V SUMMERTIME

its crew and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

10. At all times material hereto, Defendants, LOUISIANA MARINE OPERATORS, L.L.C., owned, operated, and/or controlled the vessel M/V SUMMERTIME.

11. As a result of said occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish and other medical problems. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely and into the future. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

12. Plaintiff further alleges that it was and still is the duty of Defendant, LOUISIANA MARINE OPERATORS, L.L.C., to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendant, LOUISIANA MARINE OPERATORS, L.L.C., has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing and Defendant has further unreasonably, arbitrarily, willfully and capriciously refused to provide him with medical cure. As a result of Defendant's unreasonable

failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, that he found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, THOMAS NOVAK, prays that this citation issue and be served upon said Defendant, LOUISIANA MARINE OPERATORS, L.L.C., in a form and manner prescribed by law, requiring that the Defendant appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment against said Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #:  8877
3200 Travis, 3rd Floor
Houston, Texas  77006
TEL:    (713) 524-3500
FAX:    (713) 751-0412
ATTORNEYS FOR PLAINTIFF,
THOMAS NOVAK

PLAINTIFF DEMANDS A TRIAL BY JURY